```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
JANE DOE,
                          Plaintiff,        24-cv-1043 (JGK)

          - against -                       MEMORANDUM OPINION
                                            AND ORDER
RUSSELL WENDELL SIMMONS,
                          Defendant.
------------------------------------
```

**JOHN G. KOELTL, District Judge:**

The plaintiff, Jane Doe ("Doe"), brought this action against Russell Wendell Simmons ("Simmons"), alleging that he sexually harassed and assaulted her. The plaintiff invoked federal subject matter jurisdiction based on the alleged complete diversity of the parties. The defendant now moves for judgment on the pleadings, arguing that the plaintiff lacks subject matter jurisdiction. The plaintiff alleges that she is domiciled in California and that the defendant is domiciled in New York while the defendant contends that he is a stateless American citizen, domiciled in Indonesia. For the following reasons, the motion for judgment on the pleadings is **granted**.

I.

The plaintiff alleges that she was sexually harassed, assaulted, and raped by the defendant—a music producer and co-founder of Def Jam Recordings—while working as a senior level music executive at Def Jam Recordings in the mid-1990s. Am. Compl. ¶¶ 3, 17, 38-44, ECF No. 19. The plaintiff alleges that

1

the defendant's actions caused her emotional distress and harm to her career. See id. ¶ 45-47. The plaintiff alleges that this action against the defendant is timely pursuant to the New York's Adult Survivors Act ("ASA"), N.Y. C.P.L.R. § 214-j (McKinney 2022). The plaintiff alleges claims for sexual battery/assault, false imprisonment, intentional infliction of emotional distress, and a crime of violence motivated by gender in violation of N.Y.C. Admin. Code § 8-903 (2017). Id. ¶¶ 62-81.

The defendant, after filing an answer to the Amended Complaint, see ECF No. 26, filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), asserting that the Court lacked subject matter jurisdiction over the action, that a general release of all claims barred the plaintiff's action, and that the plaintiff's claims were time-barred. First Mot. J. Pleadings, ECF No. 32. The Court permitted the plaintiff to engage in limited discovery relating to the citizenship of the defendant and the validity and applicability of the general release of claims. See ECF No. 54. After limited discovery, which included a deposition of the defendant, the Court denied the defendant's first motion for judgment on the pleadings without prejudice, see ECF No. 66, and the defendant filed a renewed motion for judgment on the pleadings, focusing solely on the subject matter jurisdiction issue and arguing that the plaintiff failed to establish complete diversity of the

2

parties. Renewed Mot. J. Pleadings, ECF No. 70. The Court now considers that motion.

## II.

"Where a Rule 12(c) motion asserts that a court lacks subject matter jurisdiction, the motion is governed by the same standard that applies to a Rule 12(b)(1) motion." Cruz v. AAA Carting & Rubbish Removal, Inc., 116 F. Supp. 3d 232, 239 (S.D.N.Y 2015).[1] Accordingly, "[a]s the party seeking to invoke the subject matter jurisdiction of the district court, the plaintiff bears the burden of demonstrating by a preponderance of the evidence that there is subject matter jurisdiction in the case." Eugenia VI Venture Holdings, Ltd. v. Surinder Chabra, 419 F. Supp. 2d 502, 505 (S.D.N.Y. 2005). In deciding a Rule 12 motion to dismiss, the Court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it," Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008). When jurisdictional facts are disputed, the Court has the power and the obligation to consider matters outside the pleadings, such

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, omissions, emphasis, quotation marks, and citations in quoted text.

3

as affidavits, documents, and testimony, to determine whether jurisdiction exists. See APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003); Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986).

### III.

Under 28 U.S.C. §1332(a), a federal court has subject matter jurisdiction over an action that is between "(1) citizens of different States; [or] (2) citizens of a State and citizens or subjects of a foreign state," where the amount in controversy exceeds $75,000. For an individual, citizenship depends on the state in which that person is domiciled, meaning that "place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998). A United States citizen domiciled abroad is stateless for the purpose of § 1332 and is therefore neither a citizen of any state of the United States nor a citizen of a foreign state. Herrick Co., v. SCS Commc'ns, 251 F.3d 315, 322 (2d Cir. 2001); see also Force v. Facebook, Inc., 934 F.3d 53,74-75 (2d Cir. 2019). Accordingly, such a person fits into none of the categories contemplated by § 1332, and "a suit by or against [a] United States citizen[] domiciled abroad may not be premised on diversity." Force, 934 F.3d at 74-75.

4

Factors to consider when determining a party's domicile "include current residence, voting registration, driver's license and automobile registration, location of brokerage and bank accounts, membership in fraternal organizations, churches, and other associations, places of employment or business, and payment of taxes." Kennedy v. Trs. of Testamentary Tr. of Will of Kennedy, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009). "Courts also consider whether a person owns or rents his place of residence, the nature of the residence . . . and the location of a person's physician, lawyer, accountant, dentist, [and] stockbroker," but, ultimately, "[n]o single factor is determinative." Id.

"Domicile is established initially at birth and is presumed to continue in the same place, absent sufficient evidence of a change." Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000). In order to establish a change in domicile, a party must show first, residence in a new domicile and second, the intention to remain there. See Linardos, 157 F.3d at 948. "A party alleging that there has been a change of domicile has the burden of proving" the residence in a new domicile and the intention to remain "by clear and convincing evidence." Palazzo, 232 F.3d at 42. However, "a party seeking to challenge diversity by alleging a change of domicile does not . . . bear the burden of proving that change if the party seeking to establish diversity has not carried its (prior) burden of establishing a

5

specific initial domicile from which the change would be a departure." Herrick, 251 F.3d at 324.

### IV.

In this case, the plaintiff asserts that the defendant is domiciled in New York. Pl.'s Opp'n at 5-10, ECF No. 80. Specifically, the plaintiff argues that the defendant was born and raised in New York and has not met his burden to show a change in his initial domicile by clear and convincing evidence. See id. at 6. The defendant responds that the plaintiff failed to establish that the defendant was domiciled in New York at the time the complaint was filed and that, in actuality, the defendant was previously a citizen of California and is now domiciled in Indonesia. Def.'s Mem. of Law at 2, 7-17, ECF No. 71. Even assuming that the plaintiff successfully established that the defendant was at one point domiciled in New York, the defendant has provided clear and convincing evidence that he was domiciled in Indonesia when the complaint was filed.

The defendant first traveled to Indonesia in 2018; he has lived in multiple residences in Indonesia since 2018; and he intends to remain in Indonesia. Fish Aff., Ex. A ("Dep. Tr.") at 27:9-12, 41:10-43:15, 111:7-15, ECF No. 73. In November 2021, after receiving three temporary visas, the defendant was granted a permanent Indonesian retirement visa. Simmons Decl. ¶ 4-6, Exs. A-C, ECF No. 74. The defendant sold his New York apartment

6

in 2021. Simmons Decl. ¶ 9, Ex. F. The defendant lives on the property of a hotel in Indonesia. Dep. Tr. 43:4-44:14. The hotel is owned by a company in which the defendant holds the majority interest, and the company has a 25-year lease on the property. Id. 43:23-44:2, 47:24-48:2, 51:3-9. These facts show that the defendant has not been domiciled in New York since at least 2021—if not earlier. See Kennedy, 633 F. Supp. 2d at 81.

The Kennedy factors also support the defendant's contention that he is not domiciled in New York. See id. (considering "voting registration, driver's license . . . and payment of taxes"). The defendant is not registered to vote in New York, and he voted most recently in California. Simmons Decl. ¶ 7, Ex. D; Dep. Tr. 109:8-111:6. The defendant has an Indonesian driver's license. Simmons Decl., Ex. G. The defendant last paid United States taxes in California for the tax year ending December 31, 2022. Id. ¶ 11, Ex. H. In sum, the defendant has successfully shown a change in domicile to Indonesia by clear and convincing evidence.

The plaintiff primarily relies upon the defendant's media statements and social media posts, the defendant's intermittent trips to New York, the defendant's payment of rent in New York for his daughters' apartment, and his business connections and bank account in New York to show domicile. Pl.'s Opp'n at 7-15. However, social media posts and intermittent visits to New York

7

do not establish domicile, particularly in light of Simmons's sworn testimony that "America is not my home." Dep. Tr. at 111:10. The defendant's payment for a child's housing in New York does not support a conclusion that the defendant resided in New York. The Court therefore lacks diversity of citizenship subject matter jurisdiction under 28 U.S.C. § 1332 and "without jurisdiction, the district court lacks the power to adjudicate the merits of the case." Carter v. HealthPort Techs., LLC, 822 F.3d 47, 54-55 (2d Cir. 2016).

## CONCLUSION

The Court has considered all the arguments of the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. Accordingly, the case is **dismissed without prejudice** for lack of subject matter jurisdiction. The Clerk is directed to enter judgment dismissing the complaint without prejudice. The Clerk is also directed to close this case and to close all pending motions.

SO ORDERED.
Dated:     **New York, New York**
           **February 11, 2025**

_____
John G. Koeltl
**United States District Judge**

8